**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4162
_____

SUMINDA JAYASUNDERA,
                                        Appellant

v.

AIMEE GARCIA, Vice/President, Human Resources; PETER MELAS;
MAURIZIO SCROFANI; MACY'S INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. 2-16-cv-05084)
District Court Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2017

Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: April 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Suminda Jayasundera appeals the District Court's order compelling him to arbitrate his claims that Macy's, his former employer, discriminated against him. We will affirm.

In 2014, Jayasundera filed a lawsuit—the first in what would become three separate lawsuits—against Macy's, claiming discrimination during his employment there.[1] Macy's moved to compel arbitration. The District Court ruled that Jayasundera and Macy's had entered into a valid and binding agreement to arbitrate certain employment disputes, and that the discrimination claims in Jayasundera's lawsuit were within the scope of that agreement. Accordingly, the District Court granted the motion to compel arbitration and dismissed Jayasundera's claims from federal court. He did not appeal from that order.[2]

Two years later, Jayasundera filed the lawsuit at issue here against Macy's and several of its employees. He claimed that Defendants continued to discriminate against him, which ultimately led to his constructive termination. The District Court again compelled arbitration. The District Court ruled that because it had already determined that Jayasundera and Macy's had entered into a valid and binding arbitration agreement, he was collaterally estopped from arguing otherwise. The District Court also ruled that

---

[1] That lawsuit was docketed in the District Court as Civil Action No. 2-14-cv-07455.
[2] Instead, Jayasundera presented his claims in arbitration. After the arbitrator found his claims meritless, he filed a second lawsuit in the District Court seeking to set aside the arbitrator's decision. The District Court declined to do so.

his new claims likewise fell within the agreement's scope. Thus, the court compelled the parties to arbitration and dismissed the complaint. Jayasundera appeals.[3]

On appeal, as he did in the District Court, Jayasundera argues that he did not agree to arbitrate his employment disputes with Macy's. The District Court correctly rejected that argument under the doctrine of collateral estoppel. Collateral estoppel bars a party to an earlier action from litigating an issue in a later action if (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) that determination was essential to the prior judgment. See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231–32 (3d Cir. 1995). In Jayasundera's first lawsuit against Macy's, the District Court determined the precise issue that is dispositive here—whether he entered into a valid and binding arbitration agreement. That issue was briefed by both parties, was the crux of the litigation in the District Court, and was the reason Jayasundera's first case was dismissed. See id. Therefore, the District Court properly concluded that the doctrine of collateral estoppel barred him from arguing that he never agreed to arbitrate claims stemming from his employment with Macy's.[4]

---

[3] The District Court's order was final under 9 U.S.C. § 16(a)(3), and we have jurisdiction under 28 U.S.C. § 1291. See Spinetti v. Serv. Corp. Int'l, 324 F.3d 212, 215 (3d Cir. 2003). We review de novo the District Court's decision to compel arbitration. Kaneff v. Del. Title Loans, Inc., 587 F.3d 616, 620 (3d Cir. 2009).

[4] Jayasundera does not argue on appeal that the District Court erred in ruling that his claims fall within the scope of the arbitration agreement. Accordingly, we will not address that ruling. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002).

Jayasundera argues that collateral estoppel should not apply because (1) Macy's, in the first lawsuit, submitted fabricated and misleading evidence to prove the existence of the arbitration agreement; and (2) he opted out of the arbitration agreement late in 2015.  While we have recognized that in certain cases we might decline to apply collateral estoppel if newly discovered evidence becomes available, see Cowgill v. Raymark Indus., Inc., 832 F.2d 798, 804 (3d Cir. 1987), this is not such a case.

As to Jayasundera's claim that Macy's used fraudulent evidence, he could have, but did not, object to the allegedly made up evidence when he opposed arbitration during the first lawsuit.  See, e.g., Yamaha Corp. of Am. v. United States, 961 F.2d 245, 167 (D.C. Cir. 1992) ("once an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case").  In any event, Jayasundera has produced no evidence to support his claims that Macy's fabricated evidence in the first case.  Jayasundera's second argument—that he opted out of the arbitration agreement after his first lawsuit was dismissed, but before he filed this lawsuit—is irrelevant.  Under the plain language of the arbitration agreement and its opt-out election form, Jayasundera had thirty days—but no more—from the date he was hired to opt out of arbitration.  His time to opt out expired in 2009, and he could not, as he attempted to do, opt out over six years later.

For these reasons, we will affirm the District Court's decision to compel arbitration.

4